IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

**[1] JONATHAN ADAMES,**
Defendant.

CRIMINAL NO. 22-264 (ADC)

## PLEA AGREEMENT

TO THE HONORABLE COURT:



The United States of America, Defendant, **Jonathan Adames**, and Defendant's counsel, Richard Dansoh, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: Beginning on a date unknown, but no later than June 8, 2022, and continuing up to the return of the instant Indictment, from places outside of the country of the United States, to include the Dominican Republic, and elsewhere, Jonathan Adames, and codefendants, did knowingly and intentionally combine, conspire, confederate, and agree together with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, specifically: to import into the United States, from any place outside thereof, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance. All in violation of 21 U.S.C.

§§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

## 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for possessing with the intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

## 3. Maximum Penalties



The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment not less than 10 years or more than life; a fine not to exceed one million dollars; and a supervised release term of at least three years in addition to any time of incarceration all pursuant to 21 U.S.C. §§ 960(b)(1)(B)(ii) and 963.

## 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one $100.00 per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 21 U.S.C. §§ 952(a), 960(a) & (b)(1)(B)(ii), and 963 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level, Table in U.S.S.G. § 2D1.1 at least 50KG but less than 150 KG of cocaine. | | | | 34 | |
| Use of a firearm pursuant to U.S.S.G. §2D1.1(b)(1) | | | | +2 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | 33 | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |



### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), both parties agree on a joint recommendation of 135 months of imprisonment, regardless of criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 135 months or less, defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of

imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Richard Dansoh, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.  Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

## 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 20. Breach and Waiver

Defendant agrees that he will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of his obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Indictment, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen

may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: __5/31/23__

_____
María Montanez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: May. 31st 2023

_____
Michele Colón
Special Assistant United States Attorney
Dated: __5/31/23__

_____
Richard Dansoh, Esq.
Counsel for Defendant
Dated: __6/1/23.__

_____
Jonathan Adames
Defendant
Dated: __6/1/23__

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney.    My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement.    I fully understand this agreement and voluntarily agree to it.

Date: __6/1/23__                    _Jonathan Adames_
                                      Jonathan Adames
                                      Defendant

I am the attorney for Defendant.    I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case.    I have carefully reviewed every part of this Plea Agreement with Defendant.    I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement.    To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: __6/1/23__                    _Richard Dansoh_
                                      Richard Dansoh, Esq.
                                      Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Jonathan Adames admits that Defendant is guilty as charged in the Indictment and admits the following:

On June 8, 2022, at approximately, 4:00 AM, Puerto Rico Police Bureau ("PRPB") FURA agents conducting a maritime patrol observed five individuals hidden in a forest area of "Los Tubos" beach in Manati, Puerto Rico. Around sunrise and after the five individuals left the beach. Agents searched the location a found a black trash bag containing supplies and fuel containers.

Based on this information, HSI and PRPB and United States Customs and Border Protection ("CBP") Air and Marine Unit established surveillance at approximately 10:00 PM approximately 100 meters from where the five individuals were observed earlier. Upon establishing surveillance, members of the surveillance team observed individuals on the beach.



On June 9, 2023, at approximately 12:00 PM, Border Patrol agents utilizing a camera observed a vessel approaching the beach area until it finally landed on the beach, with three individuals in the vessel. The three individuals in the vessel were joined by several other individuals who came from the forest area including one individual who was carrying a rifle. The individuals on the beach began offloading various large plastic trash bags that appeared to be heavy from the vessel, later confirmed to be per laboratory results, 284.8 kilograms of cocaine.

After observing this, members of the surveillance team announced themselves as law enforcement and at that moment, the individuals inside the vessel and those unloading the

vessel began to run towards the street, some of whom were carrying black plastic bags. Law enforcement detained an individual, later identified as the defendant in this case, Jonathan Adames, after he exited the vessel and had attempted to flee towards the street.

For purposes of this Plea Agreement, Jonathan Adames acknowledges that he knowingly and intentionally possessed with intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance. The defendant also acknowledges that a firearm was possessed during the commission of the offense.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Jonathan Adames is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

Michele Colón
Special Assistant U.S. Attorney
Dated: 5/31/23

Richard Dansoh, Esq.
Counsel for Defendant
Dated: 6/1/23

Jonathan Adames
Defendant
Dated: 6/1/23