**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**FRANCISCO MARTINEZ ABREU,**

Defendant.

**CRIMINAL NO: 22-264 (ADC)**

**DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS**

**TO THE HONORABLE AIDA DELGADO COLON
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO**:

The Defendant, Francisco Martinez Abreu, by and through the undersigned Counsel, pursuant to Title 18 U.S.C. § 3553(a), Rule 32, Federal Rules of Criminal Procedure, Section 6A1.3 of the United States Sentencing Guidelines, and this Court's Policy Regarding Procedures to Be Followed in Guideline Sentencing, Defendant hereby states that he has received and reviewed the Presentence Report ("PSR") prepared in this case and that he has <u>no objections</u> to the Report.  However, pursuant to 18 U.S.C. § 3553(a), defendant respectfully requests that the Court impose a total sentence of 135 months of imprisonment, which is more than sufficient to comply with the purposes of sentencing under the statute, as provided in the plea agreement.

**BACKGROUND**

Francisco was born in Dominican Republic. In 2019 he came to Puerto Rico looking for a better life. Immediately started working at Pereira Construction company, as a peon. At the time of the arrest was a full-time employee of this firm. This is a first-time offender without drug dependency nor mental or emotional problems. Francisco accepted responsibility and after paying his debt to society wants to study engineering.

**A SENTENCE THAT IS JUST AND "SUFFICIENT BUT NOT GREATER THAN NECESSARY"**

18 U.S.C. § 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." This so-called "parsimony provision" is not merely one of many factors to weigh at sentencing but places a cap above which the Court is prohibited from sentencing-even when a greater sentence is recommended by the sentencing guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part). In turn, § 3553(a)(2) provides that a sentence should be sufficient but not greater than necessary to:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Put simply, when imposing a sentence, the courts are to ultimately consider the totality of the circumstances. See United States v. Arroyo-Maldonado, 791 F.3d 193, 198-200 (1st Cir. 2015)

(stating that the district court exercises broad discretion in weighing the different sentencing factors during sentencing, to which the court of appeals remains deferential, as long as the sentence is substantively reasonable in light of the totality of the circumstances).

18 U.S.C. § 3553(a) also directs the Court to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In this case, Mrs. Kenia Lopez, the mother of Francisco's eight years old daughter, Nayelly, describes him as a hard worker, honest person and good provider. The mother of Francisco and his sister both describe him as a hard worker, calm, humble and excellent person.

I.      **Sentence Recommendation**.

On June 5, 2023, Francisco Martinez Abreu pled guilty to Count One of the Indictment pursuant to an agreement accorded under the provisions of Rule 11 (c) (1) (A) & (B) of the Federal Rules of Criminal Procedure. The terms of the agreement call for a total offense level of thirty-three (33).  Both parties recommend a term of imprisonment of 135 months.

Francisco Martinez Abreu respectfully requests that the Court impose a total sentence of 135 months, which is more than sufficient to comply with the purposes of sentencing under the statute, as provided in the plea agreement.

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons, the provisions of 18 U.S.C. § 3553 support the imposition of a just and reasonable sentence that considers the circumstances of this case and personal circumstances of the defendant. Considering all of these factors, we urge the Honorable Court to impose a 135-month prison term that is sufficient, but not greater than necessary, and would permit the defendant to achieve his full potential, continue to serve his community.

**I HEREBY CERTIFY** that a true and exact copy of this document has been filed through the Court's ECF/ECM which will send notification of this filing to all parties of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on this 14 of September, 2023.

*S/ Alejandro Sanfeliu Vera*
USDC # 305810
Po Box 361214
San Juan, P.R. 00936
787−598−0914